Okay, the next argued case is number 16, 2661, Rumsey against the Department of Justice. Mr. Burka. Thank you, Your Honor. If it pleases the court, I'm Robert Burka, counsel for the petitioner Melissa Rumsey. She is a federal employee whistleblower who was subject to reprisals for which the Merit Board found she was subject to prohibited personnel actions for which corrective action was ordered. The issue here today is she has not been reimbursed for attorney's fees paid to her principal counsel prior to my coming into the case. Just a point of clarification, I understand from the record that there were two elements of relief that she was granted or that was found to be a problem, which include the telework agreement and then also a performance rating. Am I correct in understanding that? Yes, that's correct. Okay, thank you. And those have been resolved. The relief for those are not before this court, although there is an issue with respect to attorney's fees with respect to the performance rating. Yes. Also not before this court. Okay. At least not at this time. The issue here is whether, given the statutory requirement that corrective action shall involve attorney's fees and award of attorney's fees, whether an award for Beth Slavitt's time, who was counsel, she was the only counsel from roughly October 2008 to June of 2011. And then after 2011 until I replaced her, she was the chief counsel and had assistant counsel. The question is, could an attorney's fee award be zero based on her sloppy record keeping and inadequate record keeping? I guess what the board is suggesting here is that what your client should have done is once the fee dispute was resolved, she should have filed something which said, okay, these are the items which are genuine and reasonable and reimbursable and that she didn't do that. Actually, she did, Your Honor. You have to understand the chronology here. Ms. Slavitt precipitated a fee arbitration. I moved to stay it pending the outcome of the proceedings before the board. It was initially stayed, but the stay was not continued, and I was forced to go to arbitration. Parallel to that, the administrative judge ruled that I had not vouched for her time, and she announced that she, the administrative judge, announced a fee award of zero. While the matter was pending before the board, the arbitration was resolved, and we submitted to the board the information about what happened at the arbitration at the board's request. So that information was before the board, and I had argued before the board. My question is about the additional step of saying, okay, here's the fee award, $200,000, whatever it was, and here are the time records that reasonably support that claim, and please award me that for the time that my attorney reasonably spent on this. And that's not here, right? You didn't do that. What I argued to the board. Not argued, but what was the evidence that was submitted about the reasonableness of the fees after the settlement of the fees? The result of the settlement, the fact of the settlement, the amount of the settlement, the details of the settlement were submitted to the board. I understand that, but that's not, it seems to me, sufficient to show the reasonableness of the fees. I think what the board is saying, rightly or wrongly, is that after that happened, you should have come in and said, here's why our claim is $200,000 and why that's reasonable, and reviewing the time records and vouching for the reasonableness of the claim. That didn't happen, right? Actually, Your Honor, I believe it did happen. Okay, where? Where do I find that in the record? Both before the administrative judge and before the board, I argue that the amount actually paid Ms. Slavitt should form the basis of a reasonable fee. Yeah, but that wasn't my question. My question is, apart from that, did she submit something which said, here's where we find the $200,000 worth of reasonable fees in Ms. Slavitt's billing records? And she didn't do that? That's correct. That's the problem, right? Well, the nature of the resolution before the arbitration board did not break it down that way. It gave a total number. From that total number, one can determine the number of reasonable hours that we thought were correct. I'd like to also focus, if I can for a moment, on the Slimford case, which the panel brought to our attention late last week. And by the way, thank you for doing so. I think that case basically says what I'm trying to say to you now, what I've said in our brief. And that is, where there's inadequate record keeping, that does not mean that there should be no award. It simply means the award should be reduced. We had the obligation to show a right to an attorney's fee award. We did so when corrective action was ordered. We had an obligation to bear the burden of going forward. We did that when we presented Ms. Slavitt's hours. And Ms. Slavitt, by the way, attempted to appear before the board to explain her billing records and was denied both formally by the board and informally by the agency. What was the basis for that? I don't know. You don't know why it was denied? Well, it's on page 89 of our appendix, I believe. And the board, in a footnote, simply said her motion to intervene to protect her fee was denied. I think it's one sentence. It may be two. Okay. So I basically am arguing to you that, consistent with the language in Slimfold, there was an obligation, an ability of the board to determine a reasonable fee. Even if it wasn't the 11% reduction that you were advocating based on the amount that she had paid? Well, we argued 11%. The agency itself argued a different amount of being reduced. And I think either of those would have been perfectly satisfactory. I suppose the board could have come up with another number and it would have been reasonable as well. What I would argue to you is zero is not reasonable. That's why we're here. We had presented to this court two methods of calculating the attorney's fees. There's three basic sets of data necessary to calculate the fee. First is the number of hours. The second is a reasonable rate. And third is the multiplier. Two of those have already been resolved by the board or else have not been challenged by the agency on appeal here. What happened in the fee proceeding in the D.C. Bar arbitration? And was that basically an issue about the reasonableness of the fees that were being charged? It was a slightly different proceeding, Your Honor. It's non-public. But basically there was an issue as to Ms. Slavitt's performance. And there were issues as to her reasonability. So it was similar to but not identical to the proceeding before the board. Reasonability in the sense of spending too much time? That's one of it. The other is on matters that she spent time on that went beyond the issues covered by the Whistleblower Act. And in the course of that proceeding, did your client identify the time charges that were not reasonable? We were in the process of doing that when the case settled. Okay. Before this court today, though, we have no challenge to the attorney fee rate that Ms. Slavitt called for in her retention agreement. And I don't think there's any argument about the multiplier 0.4 that the board ordered. We certainly don't challenge it here. I'm happy with it, but we don't challenge it. So the only real issue, it seems to me, for determining a fee award is the number of hours. And we have the agency's own admission as to the number of reasonable hours here, which they came up with 691, having lopped off about 153. I'm not sure that there's such an admission. Where do you find that admission in the record? Pages 288 to 93 of our appendix, Your Honor. That's constant excerpts from their filings before the administrative judge. Yeah, but I've read their filings, which you don't include in the appendix, before the administrative judge. And in at least one of those filings, they say that no fee should be awarded because of the failure to document the reasonableness of the fees. There are two filings, and one of them makes that point. I think you are going a bit too far in suggesting that they agreed that some portion of the fees was reasonable. I was actually only referring to the hours. That's what I mean, the hours. My recollection of the proceeding before the administrative judge was that the agency took the position that no fee could be awarded because of the conflict of interest statutes. They did say that, but they also said that no fee should be awarded because of the failure to document reasonableness. I just don't recall that before the administrative judge, Your Honor. Did you—oh, I'm sorry. Oh, no, go ahead. Did you or at any time—and I don't recall if it's in your blue brief—go through Ms. Slavitt's records and identify those circumstances where it might be reasonable? I mean, in the decision below, we saw examples where it was found to be unreasonable, but presumably you think there's examples where they were reasonable. Do you have any of those? Could you cite those to us? No, I can't. Okay. I would like to reserve the rest of my time unless there are questions now. All right. Let's hear from the other side. Ms. Jern. May it please the Court. I'd like to begin by directing the Court's attention to Appendix Page 172. And I quote, and this is from Ms. Rumsey's supplement to her motion for fees before the Board. Quote, Ms. Rumsey takes care to ensure that it is understood that the views in the declaration of Beth S. Slavitt are solely those of Ms. Slavitt. In many respects, Ms. Rumsey's positions diverge from those expressed by Ms. Slavitt, including but not limited to Ms. Slavitt's interpretation of her retention agreement with Ms. Rumsey, as well as the hours, time charges, and receipts from Ms. Rumsey during the course of the 2008-2011 representation. This isn't an admission that the hours should be zero, is it? It is not an admission that the hours should be zero. It is not a representation that any hours are reasonable. It does not identify any hours as being reasonable. It simply submits Ms. Slavitt's invoices and says, I don't stand by them. In fact, I disagree with them. It is the applicant's burden, the Supreme Court has said, it is the applicant's burden to establish the reasonable number of hours. On this record, the board, the administrative judge, and then the full board agreed that it was impossible to determine the reasonable number of hours. Ms. Rumsey, this case really is about meeting that burden on the applicant. It is an impossible burden. If your counsel says, I spent 20 hours on this, how can the client say you should have done it in 12? I'm not saying the client has to say that, but if the client is going to affirmatively disavow and state that she disagrees with the invoices as submitted by her attorney, then at a minimum, to meet her burden of establishing the reasonableness, she can identify those hours that she disagrees with and say, these are the hours I disagree with, the remaining I agree with. This is a very unique case where the applicant specifically is submitting her attorney fees and then affirmatively saying, I don't agree with them. I don't think we've ever seen that in an attorney's fees case where the client has had the burden to say that it took the lawyer too long to perform a certain function. And I'm not saying that is a burden, but we have in every case. That's not what you're saying? No, I'm saying that we have in every case. What do you expect the client to come forward with in this particular case? In this particular case, because Ms. Rumsey took the step of affirmatively disavowing her attorney's billings, then she did take on the burden of saying, these are the hours that are not reasonable and these are the hours that are. In most cases, we don't have an applicant. In fact, I am frankly not aware of any other case where an applicant for fees puts forward her attorney's invoices and specifically disavows them. But in this case, that's what she did. What about the fact that, true enough, the government may have said that a fee award of zero is appropriate in this case. But alternatively, the government did come up with a proposal for a reasonable number of hours and proposed 691. So doesn't that show that it's not that hard, that people can look at these records, the court can look at the records, or at least know that this was so counsel for a period of years, and that there must be some reasonable number of hours when the statute says that some attorney fees shall be awarded? Well, with due respect, I would disagree with that characterization of what the agency did in this case. What the agency did was they identified some hours that they felt should be excluded, but they didn't say that that was a comprehensive list of all hours. They were just demonstrating that it was possible to identify some that specifically should be disregarded. But as the board, as the administrative judge found, many of the hours just couldn't be identified at all. There were initials that Ms. Slavitt hadn't bothered to identify who the initials belonged to in the invoices. There were tasks that were not explained, the topics were not explained. So the only person who could really tell us enough or tell the board enough about the time charges to determine whether they're reasonable was Ms. Slavitt, right? Well, Ms. Slavitt or Ms. Rumsey, after pressing Ms. Slavitt for that information, just like any client would when they are presented with invoices from an attorney that they don't understand. So what happened here, if I understand correctly, Ms. Slavitt sought to intervene in the proceeding to provide that kind of information, and the board said, no, you can't do that. Well, she sought to intervene, meaning intervene to become a party in the case. She was not a party in the case because the applicant and the party, the prevailing party in this case, was Ms. Rumsey. So it was right for the board not to allow Ms. Slavitt to intervene. But it was Ms. Rumsey's burden to go back to Ms. Slavitt. But didn't she seek to intervene to provide that information? She filed a motion to intervene. I don't believe it was to be as a witness because she submitted a declaration through Ms. Rumsey. And so she could have provided that additional information again through Ms. Rumsey. She could have said, okay, these are the deficiencies that the agency has identified. I'm going to submit a second declaration through Ms. Rumsey, identifying who these initials are, explaining what these topics are. But Ms. Rumsey didn't make an effort to obtain that from Ms. Slavitt because she had her ongoing dispute, fee dispute with Ms. Slavitt, and, in fact, didn't want to pay her anything. So she was really trying to have it both ways, not furnish supplementary information about Ms. Slavitt's fees. I mean, you know, she risked a situation in which, because of the limited amount of success, that she wasn't going to recover the amount of the fees. She had a legitimate fee dispute with Ms. Slavitt, and she was not obviously going to admit that the entire claim for attorney's fees was warranted. It's really a question, isn't it, of what she should have done after the settlement of the fee dispute? Well, I think by the time it had been settled, my recollection is that the record before the board would have been closed because it was the initial decision that had already been issued. So I don't know if she would have had to and could certainly have argued to the full board that there was new evidence that was not available at the time that she was before the administrative judge and attempted to submit the evidence at that point, and she did not attempt to do that. But what this case comes down to is that the Supreme Court has said... Maybe the board should have invited her to come up with a supplemental affidavit for Ms. Slavitt detailing the reasonable fees. Well, I don't know that it was the board's responsibility to invite her. Ms. Rumsey had already had several bites at the apple. The agency had objected to her initial fee application. She had filed a supplemental application.  And she also filed a petition for review of the initial decision on the fee. So she had many, many opportunities, and even, frankly, before this court, many opportunities to really specifically identify something in Ms. Slavitt's invoices that she did stand by and say were reasonable. And to this day, she has not done that. The Supreme Court has said that the applicant does bear a burden. And the bottom line here is that Ms. Rumsey did not meet that burden. She really did not even attempt to meet that burden. What is your response to the Slimfold case? Thank you, Your Honor. I was just about to turn to that because I know the court does want to hear about that. The Slimfold case is a very interesting case to me. And I would say, first of all, my reading of it indicates that there's nothing in that case at all that compels an award of attorney fees in this case. And I say that for a couple of reasons. First of all, in the Slimfold case, this court, even though we know that the district court that was on appeal in Slimfold had awarded no fees, but despite that, this court did not hold that that district court had abused its discretion by awarding no fees. They did not hold that the record before the district court presented sufficient records on which to base an award. They simply, and literally the quote is that they urged the court to reconsider its position on the adequacy of the attorney fee documentation. So it was not even a direct order. Their remand did direct the court expressly to redetermine whether the facts of the case merited a finding of willfulness. But when it came to the attorney fees decision, all this court said was that it urged the court to reconsider its position. What about the statement saying, in fact, the Norman case recognizes that a district court itself has experience in determining what are reasonable hours and reasonable fees and should rely on that experience and knowledge if the documentation is considered inadequate. That's the most interesting thing of all to me about this case. Because although this court cites to Norman for purportedly the obligation of a district court to award some fees, that's what that sentence seems to imply. In fact, the district court judge whose decision was being reviewed in Slimfold wrote the decision in Norman. That's fascinating to me because the district court judge says in his underlying opinion that led to the Slimfold appeal, he says this court had the privilege of sitting with the 11th Circuit Court of Appeals and the opportunity to write for that court the decision of Norman. And if we look at Norman, in fact, the district court judge whose opinion is being reviewed in Slimfold, Judge Forrester I believe his name is, he is the author of the opinion in Norman. So clearly the author of the Norman opinion did not believe that Norman stood for the proposition that a total denial of fees was not appropriate. That a district court was obligated to work because he didn't award fees. In the Slimfold case, you were dealing with 285, right? Yes. Which talks about fees may be awarded. Yes. Whereas here, we're talking about a statute that says shall be awarded. Yes, Your Honor. But why under those circumstances isn't there an obligation on the part of the board to make a determination of reasonableness drawing on its experience? Maybe in a case where it's may award fees that you can say, well, we're not going to award any fees because the record keeping is so bad. But when it says shall, doesn't that mean shall? Well, I would say two things about that, Your Honor. First, I would say that in both cases, whether it's shall or may, it does refer to reasonable fees. And the burden, despite the fact that it's shall, the burden does not change from the applicant to at least come forward and demonstrate initially the reasonable number of hours. And the second thing I would say is that it should not be forgotten that in this case, Ms. Rumsey did obtain fees. She did obtain attorney fees. She submitted invoices from three attorneys to cover her entire litigation, and she did cover fees. If your only lawyer had been Ms. Slavitt and fees had been denied in their entirety, what should the board do under those circumstances? I would say even in this hypothetical, where the applicant herself, the only evidence she puts forward for fees are invoices that she expressly disavows and doesn't support, I would still say that the applicant has not met her burden of demonstrating reasonableness. In this case, however, I do think that... And it's okay for the board to say no fees at all? It is okay for the board to say that when the applicant doesn't meet her burden because the Supreme Court has said the applicant bears the burden. I think in this case, for this court to find that the board has to award fees, it would basically either have to find that despite, even when an applicant doesn't meet her burden of coming forward with any reasonableness, that they still have to get fees. So you say it doesn't matter whether or not the statute itself says reasonable attorney's fees shall be awarded to whistleblowers. You're saying that makes no difference? I'm saying it makes no difference because of the fact that the fees have to be reasonable and that the applicant still bears the burden of demonstrating the reasonableness. So the shall, I agree that in this case, where an applicant demonstrates reasonable fees, there's no discretion not to award them because of the shall. But it doesn't take away the requirement that the applicant in the first place meet their burden of demonstrating reasonableness. What if some of the time records, like for example, a time record saying drafting a motion in response and drafting motion for reconsideration, for example, that's not reasonable? Why is that not reasonable when some of the time records, maybe there's some repetitive time records, but why? I mean, it's hard to imagine that in the two years that Ms. Slavitt was representing, that there was not a single reasonable hour expended. I wouldn't say that it's not possible. Likely there were some reasonable hours expended. I really don't know because, in fact, this record is replete with criticism by the administrative judge of Ms. Slavitt's conduct throughout the pre-hearing and hearing of this case. So I don't know whether there were any reasonable hours. It seems, according to the record, that many of the hours that Ms. Slavitt spent were not only not productive, they were in fact counterproductive. And Ms. Rumsey stated that the reason she had to bring in counsel to the hearing was because Ms. Slavitt had created such a chaotic record. So in these circumstances, I'm not going to concede that any of them were reasonable. Wait, wait, wait, you can't talk over me. You're not allowed to talk over me. I'm sorry, Your Honor. Are you saying that on this record that it's reasonable to suppose that Ms. Slavitt didn't spend any reasonable hours? That seems an extreme position. Well, I would say it is reasonable on this record, but I don't think the court needs to reach that. That's not really the basis that the board made its opinion. It didn't say Ms. Slavitt was such a terrible attorney, then therefore it's not reasonable. What the board said instead was we don't have a factual basis to determine the reasonableness of the hours. And that is in part because of the chaos of the invoices themselves that the board was not able to make sense out of. They couldn't identify who was putting the time in or who Ms. Slavitt was talking to. Sometimes she was talking to the press. Sometimes she was talking to TC or RX or other initials. And also because Ms. Rumsey herself, and again, I think this is a very unique case. I can't think of any other. I'm sorry. I have an important question for you. Yes. Can the board look at time records, pick out 15 examples of things like what you're talking about, talking to reporters, and then say, well, the rest of them are unreasonable? Could the board do that? Yes. Because you're pointing out examples, but I can point out counterexamples where it sounds reasonable on its face. And these time records were submitted to the board. And so is it proper for a board that is shall award attorney fees when it receives records to look and identify 15 to 20 occurrences even of duplicative work or work where it's making copies and then say, well, they're all unreasonable? It is not the board's burden to establish in the first place the reasonableness of the fees. So to answer your question, could the board pick out a couple of hours where it could? Right. But you're assuming that a burden is not met just by submitting the records, that there is no burden. None of the burden of showing reasonable hours is met by providing time records. It's not met by providing time records that the applicant expressly disavows. So if these time records had been submitted without the disavowal, the board would have to award fees? If Ms. Rumsey had submitted the invoices and stood behind them in the sense that yes, as your question presupposes, not disavow them, then to the extent that the board could make up for the fee, yes. Because Ms. Rumsey at least would have met her initial burden of demonstrating the reasonableness. And that is her burden according to the Supreme Court. By coming forward, submitting fees, but at the same time saying, I don't stand by them, I disagree with them, she did not even meet that initial burden. And I would submit that she cannot shift that burden to either the agency or to the board. I just want to be sure that I have the position straight. So we have this lengthy, detailed affidavit from the attorney saying these are all the things that I did, and it touches all the bills and so on. And so there it is on its face. It looks fine. So Ms. Rumsey writes a letter and says, I'm the client. I don't know if these things were reasonable or not. And that wipes everything out? Again, I would have to disagree with that characterization because it's not that Ms. Rumsey said, I don't know. She said, I specifically disagree. She said, I can't vouch for it. This attorney did attorney work. Well, she did a little bit more than that, Your Honor. Where is this in the record? This is on appendix page 172, 173. And again, it's not simply that Ms. Rumsey said, here are some attorney records. I'm not an attorney. I can't make sense of them, so I can't vouch for them. It's that she specifically said that her positions diverge from those expressed by Ms. She didn't say in every respect. She didn't, but she didn't identify where she did. I will remind the court that the Supreme Court says, ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority. We know they were billed. It was a great debate as to whether they were as to the rate. But this is great detail submitted by the attorney as to every item and every bill. And so I just want to be sure. So the government's position is that the client then, in an attorney's fees case where the statute says attorney's fees shall be awarded, must go through every single item and say, yes, I personally knew it took that many hours, or I personally received the result, or whatever, is that what's required, a corresponding affidavit from the client going through every single item provided by the attorney? It's not required in the typical case, Your Honor. This case is unique because Ms. Rumsey disavowed, disagreed, and did not explain which one she agreed with. In this case, she created a different scenario than is presented in the typical case. So no, in the typical case, I would not say that is the government's position that the client has to go through it. But where the client specifically says, I disavow these, I disagree with these, I don't stand by these, that creates a different situation. But when she paid the $200,000 in settlement of the fee dispute, surely she had reached the conclusion that at least $200,000 worth of this was reasonable, right? I would disagree with that, Your Honor. We don't know why she arrived at that figure. We only know that she did. People settle cases for all kinds of reasons. They settle cases because they think that their attorney fees just in litigating that case are not worth pursuing the case any longer and that they're just going to quit while they're ahead. But we don't know and she didn't explain how the amount of the settlement was arrived at or how it tied in to the invoices that her attorney had submitted. All she said was, this is the amount that I settled for. Suppose she'd said, I settled for $200,000 because I think that's the reasonable amount of fees. It might have been a different situation. I guess I would have to know the details of exactly how she said it and whether she identified some of the fees. I'm finding that a little vague to really give a definitive answer, but she didn't do that in this case. Okay. All right. Thank you, Ms. Stern. All right. Thank you, Your Honor. Mr. Berger. With respect to Ms. Slavitt's attempt to intervene in the case after she was replaced as counsel, her motion is contained in the appendix at page 143, and in it she calls it an intervention for limited purpose of attorney's fee filing. And she says in the body of the document she seeks to intervene in this case for the sole purpose of receiving notice of pleadings and maintaining right and ability to apply for attorney's fees. She wanted to be able to participate in that attorney's fee process, and that was what was denied, again, page 89 of the appendix by the board. I only have one or two other points to make. One is, yes, we could have gone, I suppose in theory, could have gone through each line item, but there are many decisions out there by both appellate courts and trial courts indicating that where there are many issues with respect to time entries, as a substitute they can be reduced by a flat percentage, and that is what we propose both before the board and here. Lastly, I'd like to make the point that the prohibited personnel actions that we were involved with here occurred in 2007 and 2008. These fees were incurred, and many of which were paid for in 2008, 2009 through 2011, and then subsequently I believe in 2014. We're now at 2017. I think we'd like to get this over with. We'd like there not to be a remand if we can help it. In that regard, I'd like to point out that the Merit Systems Protection Board currently has two vacancies. Because of that, there is no quorum, and no decisions can be made by the board level except for very limited nature. It's my understanding that the president has not nominated anyone for either of the two vacancies, and while there's legislation pending in Congress to address the lack of a quorum at the board, I have no idea whether that legislation is going to pass. In other words, should this case be remanded, it will be a substantial additional delay for Ms. Rumsey. Okay. Yes. Thank you very much. Thank you. Thank you both. The case is taken under submission. That concludes our arguments for this morning.